IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNTITLED 3, LLC, a Pennsylvania limited liability company doing business as Apex Energy Solutions of Pittsburgh,<br><br>Plaintiff,<br><br>v.<br><br>APEX ENERGY GROUP, LLC, an Indiana limited liability company,<br><br>Defendant. | Civil Action No. 2:15-cv-164<br><br>Judge Mark R. Hornak |

### MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Now before the Court is Defendant's Motion to Transfer this case pursuant to 28 U.S.C. § 1404(a). ECF No. 7. After considering the Motion, Plaintiff's Opposition, ECF No. 15, Defendant's Reply, ECF No. 17, the record to date, and the applicable law, and for the reasons set forth below, the Court will grant Defendant's Motion and transfer this action to the Southern District of Indiana at Indianapolis for further proceedings.

This case arises from what appears to be (at least from Plaintiff's perspective) a particularly unsatisfactory business relationship. According to the Complaint, the Defendant, Apex Energy Group, LLC ("Apex" or "Defendant") sold to Plaintiff, Untitled 3, LLC, doing business as Apex Energy Solutions of Pittsburgh ("Untitled" or "Plaintiff"), "a franchised window sales business in violation of" Pennsylvania and Indiana statutes as well as common law. ECF No. 1, at ¶¶ 2, 16. Plaintiff alleges that Defendant committed a variety of unfair and/or deceptive trade practices, including referring to the business relationship as one between a "licensor and licensee," when in fact the businesses sold by Defendant are franchises that require

1

additional disclosures and are subject to additional legal requirements. *Id.* at ¶¶ 6–7. Specifically, Plaintiff alleges that Defendant fraudulently induced it to purchase the franchised business at issue in February of 2013 through a "License Agreement," which Plaintiff signed because it relied on unsupported financial performance representations made by Defendant that it says were inadequate under the law. *Id.* at ¶¶ 8–13. Plaintiff seeks rescission of the License Agreement, as well as various forms of damages, costs, and fees, *id.* at ¶ 15, as well as other remedies including "a declaratory judgment that Defendant has breached its warranties, representations, and commitments under the License Agreement in a fashion that justified rescission of the License Agreement and reimbursement of Plaintiff's restitution damages," *id.* at ¶ 17; *see also id.* at 31–32, ¶¶ 1–4 (prayer for relief of actual and exemplary damages, costs, disbursements, attorneys' fees, treble damages, rescission, restitution, and any other relief deemed just and equitable).[1]

The crux of Apex's argument for transfer is that Apex and Untitled entered into a contract titled as a License Agreement, and that Agreement has a forum selection clause mandating that "any claim made pursuant to or in connection with" the Agreement must be brought in Indianapolis. ECF No. 7, at 2. Because "[a]ll of Plaintiff's claims are related to the Agreement," Apex argues, this case must be transferred to the Southern District of Indiana at Indianapolis, consistent with the Supreme Court's decision in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, et al*, 134 S. Ct. 568, 580 (2013). ECF No. 7, at 2.

---

[1] Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1, at ¶ 21. The Complaint alleges six (6) counts: Count I for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*; Count II for Constructive Fraud; Count III for Fraudulent Concealment; Count IV for Breach of Contract; Count V for Declaratory Judgment with Additional Relief Pursuant to 28 U.S.C. §§ 2201 & 2202; and Count VI for a violation of the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1, *et seq*. *Id.* at ¶¶ 94–159.

In opposition to transfer, Untitled argues that in addition to money damages, it requests rescission of the Agreement because "but for the constructive fraud, fraudulent concealment and consumer protection violations, there would have been no such agreement between these parties." ECF No. 15, at 2, 3. Plaintiff contends that this Court must balance the factors set forth by our Court of Appeals in *Jumara v. State Farm Insurance Company*, 55 F.3d 873 (3d Cir. 1995), to determine whether transfer is appropriate, and argues that those factors counsel against transferring the case. ECF No. 15, at 2–7.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transferring a case under § 1404(a) is appropriate in situations "where both the original and the requested venue are proper."[2] *Jumara*, 55 F.3d at 878.

"Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum."[3] *Kisano Trade & Invest Ltd. v. Lemster*, 737

---

[2] As an initial matter, the Court notes that venue is facially proper in both the Western District of Pennsylvania and the Southern District of Indiana. Venue is proper in a civil action if the case is brought in (1) a district within the Defendant's state of residence, (2) a district wherein "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) any district that has personal jurisdiction over any defendant. 28 U.S.C. § 1391(b). The Court notes, without delving too deeply into each possibility, that because this Court could exercise personal jurisdiction over the Defendant, as evidenced by Defendant's lack of objection to it in its Motion to Dismiss, ECF No. 8; *see* Fed. R. Civ. P. 12(h), venue is concededly proper in the Western District of Pennsylvania. Venue is also proper in the Southern District of Indiana, however, as that is the Defendant's state of residence. 28 U.S.C. § 1391(b)(1). The test for transfer does not, as Plaintiff seemingly asserts, rely on a "contention that the Western District of Pennsylvania is an improper forum," ECF No. 15, at 2, but instead allows for transfer from one proper forum to another proper forum "[f]or the convenience of parties and witnesses," 28 U.S.C. § 1404(a).

[3] This "balance of interests" is evaluated through the doctrine of *forum non conveniens*. The Supreme Court has held that the functional equivalent of the *forum non conveniens* analysis for federal courts is codified in 28 U.S.C. § 1404(a). *Atl. Marine*, 134 S. Ct. at 580.

F.3d 869, 873 (3d Cir. 2013) (internal quotation marks and citation omitted). Balancing the interests requires an assessment of both public and private factors set out by the Third Circuit:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (internal citations omitted).

However, the Supreme Court also held that when suit is filed in any venue outside that specified in a valid contractual forum selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause" and only refrain from doing so "under extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 134 S. Ct. at 581. A valid forum selection clause renders the plaintiff's choice of venue inconsequential, *id.*, and such a clause is in fact treated as conclusive as to the private interest factors *id.* at 582. Simply put, the Supreme Court says that forum selection clauses "should be given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal quotation marks, alterations, and citation omitted).

Section 8.3 of the License Agreement relevant to this lawsuit provides in part:

> [A]ny claim made pursuant to or in connection with this Agreement may be brought exclusively in a court of competent jurisdiction in Indianapolis, Indiana. Each party hereto consents to venue and personal and subject

matter jurisdiction in such forum, and hereby waives any claim of <u>forum non conveniens</u> or any similar defense.

ECF No. 1-3, at Section 8.3.

The issue now before the Court is twofold: First, is the forum selection clause valid?[4] Second, if it is valid, should the Court enforce the clause and transfer the case to Indiana? If the first answer is yes, *Atlantic Marine* mandates the second question also be answered affirmatively in all but the most exceptional cases.

Although Plaintiff fails to cite *Atlantic Marine*, its argument is essentially that this is an exceptional case—the forum selection clause is invalid and does not govern because, but for the alleged fraud, there would be no License Agreement and thus no forum selection clause. ECF No. 15, at 1–2. But as Defendant aptly points out, one of Plaintiff's claims listed in the Complaint is for Breach of Contract.[5] ECF No. 17, at 4 (citing ECF No. 1, at ¶¶ 29–35, ¶¶ 42–44). What contract was allegedly breached, one may ask? The License Agreement which contains the forum selection clause.

Perhaps more importantly, Untitled's Complaint specifically seeks a declaratory judgment requiring interpretation of that License Agreement: "Plaintiff hereby demands a construction of the License Agreement and a declaration of rights, status and other legal relations thereunder." ECF No. 1, at ¶ 134. This construction is demanded because "[t]here is an actual controversy between Plaintiff and Defendant regarding whether the License Agreement is in fact a Franchise Agreement." *Id.* at ¶ 132. When Plaintiff itself frames the dispute in this manner— as whether the Agreement belongs in one subcategory of a contract (license agreement) or

---

[4] The Supreme Court noted in *Atlantic Marine* that "[o]ur analysis presupposes a contractually valid forum-selection clause." 134 S. Ct. at 581 n.5.

[5] Four (4) of the six (6) Counts in the Complaint seek at least some form of relief that presupposes the existence of a valid contract, although two (2) of those claims seek rescission as one among several forms of relief sought. Further, two (2) Counts rely on state-law statutes, and each of those seek statutory monetary relief and neither attacks the existence of a contract. ECF No. 1, at ¶¶ 101, 158.

5

another (franchise agreement) and whether the Defendant broke any franchise disclosure laws based on the categorization—it necessarily implies that the Court is being asked to perform an interpretation or construction of an existing, otherwise valid contract. Plaintiff's further request, seeking "as part of its declaratory judgment, the additional relief of rescission and restitution" does not alter the primary request, which seeks an interpretation of the Agreement as a contract for a franchise rather than a license. *Id.* at ¶ 137.

If in fact the contract is later concluded to fall under a different subcategory of contract than that of a license agreement, that is simply a question of whether the relationship the contract purported to create was a franchise or a license—it does not make the contract itself invalid but instead asks the Court to determine what interest the contract generated. Whether this Agreement should be deemed a franchise agreement, with every right and obligation that flows from such a designation, is a matter to be addressed by the court situated in a jurisdiction contemplated specifically by the forum selection clause of the Agreement. That court may well determine that one potential remedy for the various allegations at issue is rescission of the contract, rather than the other remedies requested in the Complaint or others specifically provided for in the Agreement itself, *see* ECF No. 1-3, at Sections 4.2, 4.3 (describing a violation of a covenant set out in the Agreement as a default by the Licensor and listing the rights of the non-defaulting party as a result), but that is not the issue here.[6] The Court relies on parties to candidly describe their own claims, and when the face of the Complaint requests relief that

---

[6] This Court does not, by noting all of these possible remedies, express any opinion on whether or not they are each available, or which would be most appropriate under the circumstances if liability is found.

presupposes a valid contract,[7] and that contract includes a forum selection clause, the Court concludes the appropriate action is to abide by that clause.

In this instance, the forum selection clause explicitly states that "any claim made pursuant to or *in connection with* this Agreement may be brought exclusively in a court of competent jurisdiction in Indianapolis, Indiana." ECF No. 1-3, at Section 8.3 (emphasis added). The Court concludes that the claims are asserted "in connection with" the Agreement. *Id.* Because the Court cannot deem the forum selection clause invalid as a matter of law at this juncture, the Court must give it its full *Atlantic Marine* effect in balancing the interests at stake with regard to transfer.

As explained above, the Supreme Court has recently held that a valid forum selection clause compels courts to "deem the private-interest factors to weigh entirely in favor of the preselected forum," *Atl. Marine*, 134 S. Ct. at 582, and that absent extraordinary circumstances, the forum selected by the parties during negotiations will control, *id.* at 581.[8]

Turning to the public factors, the Court concludes that no party has advanced an argument that would render this case "extraordinary" and change the calculus with regard to transfer, and none is apparent to the Court. *Atl. Marine*, 134 S. Ct. at 581. Going down the list of public factors, Plaintiff concedes that "[t]he enforceability of any judgment in this action would not be an issue of contention in either district." ECF No. 15, at 6. With regard to

---

[7] The Complaint does not seek a declaration that no contract exists or that the License Agreement is void *ab initio*. Even as to the Counts sounding in fraud, should such be proven, it simply means that the contract is voidable, not void under either Pennsylvania or Indiana law. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 178 (3d Cir. 1992) (interpreting Pennsylvania law); *Wagler v. W. Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 378 (Ind. Ct. App. 2012) (citing *Raymundo v. Hammond Clinic Ass'n,* 449 N.E.2d 276, 283 (Ind.1983)). Also telling is the fact that the Third Circuit in *In re Allegheny Int'l* gave effect to the choice of law provision in a contract even when that contract was challenged as fraudulently induced. 954 F.2d at 178. Similarly, here, the Court gives effect to the forum selection clause of the contract.

[8] While Untitled quotes a prior opinion of this Court explaining that all private factors should still be considered when a forum selection clause is at issue, ECF No. 15, at 3–4 (quoting *Clark v. Dale Prop. Servs.*, No. 2:11-01623, 2012 WL 4442783 (W.D. Pa. Sept. 25, 2012)), *Atlantic Marine* post-dated that opinion and changed the legal landscape on that point.

"practical considerations that could make the trial easy, expeditious, or inexpensive," *Jumara*, 55 F.3d at 879, Untitled notes that Apex "conducts business in various states and has retained counsel outside of Indiana," while Untitled's "members and counsel operate exclusively within the Western District of Pennsylvania." ECF No. 15, at 5. This factor does not disproportionately favor Plaintiff, however, because (1) Defendant argues that "Plaintiff's owners have traveled to Indianapolis on several occasions . . . suggesting that the distance . . . has not been an obstacle in the past," ECF No. 17, at 3, and (2) Plaintiff would not necessarily need to retain different counsel to litigate this case in Indiana, because there are procedures in place, when transfers are granted, to allow counsel licensed in Pennsylvania to practice in the Southern District of Indiana *pro hac vice*, S.D. Ind. Local Rule 83-6. The parties do not raise the "court congestion" or "public policies" factors as counseling for or against transfer, *Jumara*, 55 F.3d at 879, and neither party appears concerned with this Court's relative ability to apply applicable state law as compared to that of a court in Indiana, *Jumara*, 55 F.3d at 879–80.[9]

Plaintiff essentially hangs its hat on the "local interest" factor, *Jumara*, 55 F.3d at 879, arguing that Pennsylvania has a strong interest in adjudicating disputes arising between businesses and individuals in this district, especially when the "constructive franchise" at issue "was then going to focus exclusively on consumers in the Pittsburgh market." ECF No. 15, at 5. However, Indiana also presumably has a local interest in ensuring their own citizens' rights are protected, and Defendant is a citizen of Indiana.[10] Because the Court has no reason to doubt that either district would appropriately protect the rights and interests of the parties, this factor is indeterminate. Even if the Court accepts Plaintiff's argument, however, this factor alone does

---

[9] And indeed, a court in either forum operates at a disadvantage as compared with the other when, as here, the Complaint alleges claims under both Pennsylvania and Indiana law.

[10] And Plaintiff brings claims under both Pennsylvania and Indiana statutory law.

not tip the scale in Plaintiff's favor, especially when all other public factors are a wash and the private factors necessarily weigh in Defendant's favor based on the Agreement's forum selection clause.

Since the Court concludes that no public factor or combination of factors renders this case extraordinary, the forum selection clause contained in the License Agreement governs forum selection for this action. The Court will therefore transfer this action forthwith to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1404(a) and the forum selection clause contained in the Agreement, which states that "any claim made pursuant to or in connection with this Agreement may be brought exclusively in a court of competent jurisdiction in Indianapolis, Indiana." [ECF No. 1-3, at Section 8](ECF No. 1-3, at Section 8).3. An appropriate Order will issue.

s/ Mark R. Hornak  
Mark R. Hornak  
United States District Judge

Dated: May 8, 2014

cc: All counsel of record